**Case No. CV-25-7977**

---

## THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

PHILLIP POTTER,

*Plaintiff-Appellant,*

*v.*

ROBERT MEZA, in his private capacity; KARRIN TAYLOR ROBSON, in her private capacity; ALANE ORTEGA; KRISTIN K. MAYES, in her official capacity as Arizona Attorney General; JOSEPH WELTY, in his official administrative capacity as former Presiding Judge of the Maricopa County Superior Court; and PAMELA GATES, in her official administrative capacity as Presiding Judge of the Maricopa County Superior Court,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the District of Arizona

No. 2:25-cv-00663-PHX-DWL

---

### APPELLEE'S SECOND MOTION TO DISMISS THE APPEAL

---

Hayleigh S. Crawford (No. 032326)
Joshua A. Katz (No. 039449)
Hayleigh.Crawford@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

OFFICE OF THE ARIZONA
 ATTORNEY GENERAL
2005 N. Central Ave
Phoenix, AZ 85004
(602) 542-3333
*Counsel for Defendant-Appellee Arizona
Attorney General Kristin K. Mayes*

With this interlocutory appeal pending, the district court has dismissed Appellant's underlying complaint. Consequently, the appeal is moot, and the Court should dismiss it.

## BACKGROUND

This case is an appeal of the district court's denial of a preliminary injunction. Since the appeal was filed, the district court has entered two dismissal orders, one following an attempted amendment. Now the district court has entered final judgment.

In the district court case, Appellant challenged two Arizona laws, the vexatious litigant statute (A.R.S. § 12-3201) and the harassment statute (A.R.S. § 13-2921). First Am. Compl. (Doc. 14), 2-ER-065, -082–083 ¶¶ 121, 214.[1]

Appellant twice sought preliminary relief as to the vexatious litigant statute. First, he sought preliminary relief when he filed the First Amended Complaint. Mot. for Prelim. Relief (Doc. 23), 2-ER-150–68. The court denied that motion on its merits. Order (6/20/2025) (Doc. 47), 1-ER-007–024. Then, nearly six months later, Appellant again sought preliminary relief on the

---

[1] Citations to the Excerpts of Record refer to Appellant's Excerpts of Record filed with the Opening Brief, Dkt. 13.

same issue. 2d Mot. for Prelim. Relief (Doc. 94), 2-ER-298–315. The district court denied the repeat motion as an untimely motion to reconsider the denial of the first. Order (12/16/2025) (Doc. 96), 1-ER-004–006. Appellant appealed the denial of his second motion.

On January 6, 2026, with this appeal pending, the district court granted AG Mayes's motion to dismiss the First Amended Complaint, but allowed Appellant partial leave to amend. Order (1/6/26) (Doc. 100) at 66 (Ex. A to 28(j) Letter, Dkt. 8.2). On January 20, 2026, pursuant to the district court's order, Appellant filed a Second Amended Complaint.

On January 28, 2026, AG Mayes moved to dismiss the appeal, both because of the district court's dismissal order and for other jurisdictional defects. Dkt. 16.1. On April 27, 2026, the Court denied that motion without prejudice to raising the same arguments in the Answering Brief. Dkt. 30.1.

AG Mayes subsequently filed her Answering Brief, and Appellant filed his Reply. Dkts. 32.1–2 (Answering Brief with its Addendum), 33.1 (Supplemental Excerpts of Record), 36.1 (Reply Brief).

On July 20, 2026, with this appeal still pending, the district court granted AG Mayes's motion to dismiss the Second Amended Complaint and

entered judgment.  Order (Doc. 125) and Judgment of Dismissal (Doc. 126), *Potter v. Meza*, No. 25-663 (D. Ariz. July 20, 2026) (**attached as Exs. A, B**).

## ARGUMENT

The Court should dismiss this interlocutory appeal because it is moot.

"[F]ederal courts have no jurisdiction to hear a case that is moot[.]" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation omitted).  "An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request."  *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016).

"When a case is dismissed while an appeal of an order on a preliminary injunction is pending, the preliminary injunction order 'merges' into the final judgment," leaving nothing for the Court to do on the preliminary injunction appeal.  *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017); *see also Sec. & Exch. Comm'n v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982) (dismissing interlocutory appeal because "it is pointless for us to decide what preliminary relief the Commission should have obtained … when [the relevant] count has been dismissed for failure to state a claim and is before us on appeal").

3

This is true regardless of whether the district court dismisses on a merits ground or a "non-merits ground." *See Owen*, 873 F.3d at 731.

Dismissing the appeal after merger "makes sense" because there is "no need to reach the merits of the preliminary injunctions." *Id.* After all, it makes little sense to review the probability of success in the district court when Appellant has already lost there.

Accordingly, this Court has dismissed cases in similar circumstances. *E.g.*, *Associated Builders & Contractors v. Carpenters Vacation & Holiday Tr. Fund for N. Cal.*, 700 F.2d 1269, 1274 (9th Cir. 1983) (dismissing interlocutory appeals because "[t]he district court's denial of preliminary relief and refusal to reconsider that denial [] merged into the final order disposing of the action"); *accord Goddard v. 1910 N. Main St. Apartments Cap., LLC*, No. 25-5230, 2025 WL 3720852, at *1 (9th Cir. Dec. 23, 2025) ("Goddard's appeal is moot because, during the pendency of this appeal, the district court granted with prejudice defendants' motion to dismiss the action and entered judgment.").

The Court should likewise dismiss this appeal. When the district court dismissed the case and entered judgment, the question of preliminary relief merged into the merits, and this Court can no longer give effective relief in

4

this interlocutory appeal. Any question regarding preliminary relief in the district court would require first considering the merits of the dismissal, which is outside the scope of this interlocutory appeal.

## CONCLUSION

This interlocutory appeal is moot. The Court should dismiss.

Respectfully submitted this 31st day of July, 2026.

KRISTIN K. MAYES
  ARIZONA ATTORNEY GENERAL

By */s/ Joshua A. Katz*
Hayleigh S. Crawford
Joshua A. Katz
OFFICE OF THE ARIZONA
  ATTORNEY GENERAL
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-3333
Hayleigh.Crawford@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Counsel for Defendant-Appellee Arizona
Attorney General Kristin K. Mayes*

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type-volume limitation of Circuit Rule 27-1(1)(d) because it is 5 pages in length.

2.  This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Book Antiqua type style.

Dated this 31st day of July, 2026.


By */s/ Joshua A. Katz*

## CERTIFICATE OF SERVICE

I certify that I presented the above and foregoing for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Dated this 31st day of July, 2026.

*/s/ Joshua A. Katz*